FILED 4/14/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASIR JAMIL, | No. C 05-5121 RS |
| Plaintiff, | |
| vs. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| UNITED STATES POSTAL SERVICE, | |
| Defendant. | |

I. INTRODUCTION

Defendant United States Postal Service moves to dismiss the Amended Complaint of Plaintiff Nasir Jamil for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), or alternatively for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The motion was  fully briefed and heard by the Court on April 12, 2006. Based on all papers filed to date, as well as on  the oral argument of counsel, the motion is denied for the reasons set forth below.

II. BACKGROUND

Jamil alleges that a laptop computer was sent to him from Chicago on October 13, 2004. See Amended Complaint at ¶ 4.  He claims that the sender took the laptop to the Post Office and

the postal employee recommended that the sender use a padded bag to ship the laptop. Id. at ¶ 5. Allegedly, the sender relied on the Postal Service employee's suggestions because the sender did not have any experience in shipping materials. Id. at ¶ 5. According to Jamil, the Postal Service employee put the laptop in the bag and sealed it. Id. at ¶ 5. The sender asked if the padded bag was adequate and the Postal Service employee answered in the affirmative. Id. at ¶ 5. The Postal Service employee also recommended that the sender purchase shipping insurance for the laptop and asked the sender to declare the value of the laptop. Id. at ¶ 6. The sender declared the value of the laptop at $1,500.00 and purchased insurance based on that value. Id. at ¶ 6.

On October 16, 2004, Jamil went to the Santa Clara Post Office on Kiely Street to pick up the package. Id. at ¶ 7. Jamil claims that he was given a torn package. Id. at ¶ 7. Jamil subsequently filed a claim with the Postal Service. Id. at ¶ 8. The Postal Service denied the claim. Id. at ¶ 8.

Jamil is claiming breach of contract for the damaged laptop, damaged software, lost data, and consequential damages. Id. at ¶ 10, 11, 14, 15. Defendant contends that the breach of contract claims are barred by statute as non-payable. In addition, Jamil alleges negligence, which defendant argues is barred by res judicata. Id. at ¶ 10.

### III. DISCUSSION

A. Legal Standards

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Fed. R. Civ. P. 8(a)(2).[1] That Rule requires only that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Potter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Unlike the practice in many states, the Federal Rules of Civil Procedure do not draw distinctions between pleading facts, ultimate facts, or conclusions of law so long as the

---

[1] Although the Postal Service's motion states that it seeks dismissal under Rule 12 (b)(1) in the alternative, its briefing includes no discussion of any potential basis for dismissal under that rule.

conclusions provide defendant with at least minimal notice of the claim. Jackson v. Marion County, 66 F3d 151, 153 (7th Cir. 1995).

In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe those allegations in the light most favorable to the non-moving party. Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985). Any ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973). Dismissal for failure to state a claim can be based either on lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal is proper only if it appears to a certainty that a plaintiff would not be entitled to relief under any set of facts. Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987).  Further, a *pro se* complaint must be read liberally and should not be dismissed without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Branum v. Clark, 927 F.2d 698, 705 (2nd Cir. 1991).

The United States Postal Service is "liable to the owners of lost or damaged mail only to the extent to which it has consented to be liable, and the extent of its liability is defined by the Postal Laws and Regulations.  Public Policy requires that the mails shall be carried subject to these regulations . . . and the liability of the Government in case of loss or damage is fixed by these regulations." Twentier v. United States, 109 F. Supp. 406, 408-09 (Ct. Cl. 1953); See also Frank Mastoloni & Sons, Inc. v. United States Postal Service, 546 F. Supp. 415, 419 (S.D. N.Y. 1982).  Furthermore, traditional contract doctrine does not apply to postal insurance because the "postal insurance regulations are promulgated pursuant to statutory authority, and therefore have the force and effect of law." Ridgway Hatcheries, Inc. v. United States, 278 F. Supp. 441, 443 (N.D. OH. 1968).  The postal regulations are published in the United States Postal Service's Domestic Mail Manual (DMM).  "Because the DMM is incorporated by reference in the Code of Federal Regulations, it is deemed published in the Federal Register, 39 C.F.R. ¶ 111.1, and a plaintiff is presumed to have notice of the DMM's contents.  Gelbfish v. United States Postal Service, 51 f. Supp. 2d 252, 254 (E.D. N.Y. 1999)(citations omitted).  The DMM allows for

1  "indemnity claims" to be filed for insured mail.  See  Defendant's Exh. A, DMM § 609.1.1.

2    B. <u>Jamil's Breach of Contract Claims</u>

3    The Postal Service argues that Jamil's indemnity claims for damaged software and lost
4  data are non-payable, relying on DMM regulations that bar  indemnity for software installed
5  onto computers that have been lost or damaged or for erasure of electrical recordings.  <u>See</u>
6  Defendant's Exh.A; DMM § DMM § 609.4.3 (af), 609.4.3 (v).

7    Even assuming these DMM provisions would apply to some of the elements of damages
8  that Jamil appears to be seeking, they would not bar his claim for damage to the computer itself.
9  At oral argument, the Postal Service stated that it understood the complaint not to allege any
10  damage to the computer itself, apart from damage to the software and loss of data.  The
11  complaint, however, contains several references to "damage to the computer" and specifically
12  seeks to recover $1500 as the  "insured value of the laptop."  <u>See</u> Amended Complaint, ¶ 16.
13  The complaint also seeks to recover "the rental value of a similar computer."  <u>See</u> Amended
14  Complaint, ¶ 15. Whether or not such compensation would be recoverable, the allegation
15  strongly implies that Jamil contends that the computer itself was rendered inoperable, not simply
16  that he lost software or data.

17    In its briefing, the Postal Service advances additional arguments that potentially would
18  bar recovery even for damage to the laptop itself.  These arguments largely rely on the premise
19  that Jamil has effectively admitted that the laptop was not adequately packed to ensure that it
20  would not be damaged in the ordinary course of mail handling.  However, Jamil's allegations
21  that the laptop was not adequately packed go to Jamil's attempt to plead a negligence claim
22  against the Postal Service, a claim that is barred for the reasons set out below.  The complaint
23  also contains allegations that the computer was damaged as a result of "rough handling" and that
24  the packaging was damaged on arrival.  Jamil is permitted to "set forth two or more statements
25  of a claim or defense alternatively or hypothetically. . .[or] state as many separate claims or
26  defenses as [he] has regardless of consistency. . . ."  Fed. R. Civ. P. 8(e)(2).  To construe Jamil's
27  allegation of inadequate packaging as an admission that bars his theory that the damage was due
28  to "rough handling" would undermine the clear intent of Fed. R. Civ. P. 8(e)(2).  <u>See</u>

Molsbergen v. U.S., 757 F.2d 1016, 1018-19 (9th Cir. 1985).

Apart from its reliance on Jamil's allegations of inadequate packaging, the Postal Service cites various regulations in attempt to show that the sender failed to meet his obligations to ensure that the computer was properly packaged and labeled. Under the facts alleged, though, there is no basis to conclude as a matter of law that Jamil's claims are barred as a result of the way the computer was packaged. In essence, the Postal Service is attempting to use the fact that the computer was damaged to create an unrebuttable presumption that the packaging must have been insufficient. Had the computer arrived at its destination with no visible signs of damage to the packaging, there might be more reason to conclude that the only reasonable inference was that the packaging was insufficient. Under the facts alleged here, however, a possible inference is that the packaging might have been sufficient to protect the computer had it not been exposed to whatever the conditions were that damaged the packaging.

Indeed, it appears that at least one reason the Post Office gave Jamil for denying his claim was that postal employees reported that the outer packaging was *not* damaged on arrival. See Amended Complaint, Exhibit A, Letter dated November 19, 2005. This implies that the Postal Service might have agreed to pay the claim had there been visible damage to the envelope itself upon arrival; since the complaint alleges precisely that there *was* such damage, a factual question exists that cannot be resolved on a motion to dismiss.

C. Jamil's Negligence Claims

Jamil's amended complaint retains factual allegations and characterizations that appear to be attempting to hold defendant liable for negligence, both in the handling of the package in the mail stream, and in the conduct of the postal employee who allegedly advised and participated when the computer was packed. The amended complaint expressly seeks "$500 for negligence."

The Postal Service argues that Jamil's negligence claim is barred by res judicata. Jamil pursued the negligence claim presented in the present complaint in a prior matter, Case Number 05-cv-258. By an order filed on May 31, 2005, the Court dismissed that claim with prejudice. The Court granted Jamil leave to amend only the breach of contract claim. Therefore, to the extent Jamil's amended complaint seeks damages for negligence, it is barred by res judicata.

IV. CONCLUSION

For the reasons stated above, the United States Postal Service's motion to dismiss is GRANTED insofar as the complaint attempts to state a negligence claim; the motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: April 14, 2006

/s/ Richard Seeborg
RICHARD SEEBORG
United States Magistrate Judge